UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN HARLEY ERWIN,

                 Petitioner,

    v.

JACK WARNER,

                 Respondent.

CASE NO. 3:24-cv-05880-TL-GJL

REPORT AND RECOMMENDATION

Noting Date: **March 12, 2025**

       The District Court has referred this action to United States Magistrate Judge Grady J. Leupold. Petitioner Kevin Harley Erwin, proceeding *pro se* and *in forma pauperis*, filed a federal habeas Petition pursuant to 28 U.S.C. § 2254, seeking relief from a state court judgment and indeterminate life sentence. Dkt. 6. Upon review, the undersigned concludes the Petition is untimely under 28 U.S.C. § 2244(d) and recommends the Petition be **DENIED** and this action be **DISMISSED with prejudice.**

                         **I.    BACKGROUND**

**A.   Conviction and Direct Appeal**

       Following his entry of a guilty plea before the Superior Court of Washington for Pierce County ("Trial Court"), Petitioner was convicted of one count of child molestation in the first

REPORT AND RECOMMENDATION - 1

1  degree. Dkt. 13-1 at Ex. 1. On July 3, 2008, the Trial Court imposed a suspended indeterminate
2  sentence of 68 months to life in incarceration with an alternate sentence of six months of
3  incarceration followed by three years of community custody. *Id.*

4        On March 26, 2012, the Trial Court found Petitioner violated the conditions of his
5  alternative sentence, revoked the alternate sentence, and unsuspended the indeterminate life
6  sentence, resulting in Petitioner's current confinement. *Id.* at Ex. 2. Petitioner did not file a notice
7  of appeal from the Trial Court's order within thirty days as required by Rule 5.2(a) of
8  Washington Rules of Appellate Procedure, so his indeterminate life sentence became final on
9  April 25, 2012.

10  **B.**  **State Collateral Review**

11        On June 8, 2023, Petitioner sought, for the first time, collateral review of his judgment
12  and sentence by filing a Personal Restraint Petition ("PRP") in the Washington State Court of
13  Appeals ("State Appeals Court"). *Id.* at Ex. 3. Petitioner's first PRP also sought review of a
14  continued-confinement decision by Indeterminate Sentence Review Board ("ISRB"). *Id.* at Exs.
15  3–4. The State Appeals Court dismissed the first PRP, holding Petitioner's challenges to his
16  judgment and sentence were time-barred and his challenge to the ISRB decision was without
17  merit. *Id.* at Ex. 5. Petitioner sought discretionary review by the Supreme Court of Washington
18  ("State Supreme Court"). *Id.* at Ex. 6. The State Supreme Court denied review, and the State
19  Appeals Court issued a certificate of finality on January 31, 2024. *Id.* at Exs. 7–10.

20        Petitioner filed a second PRP on October 17, 2024, alleging he was arrested without a
21  warrant in violation of the Fourth Amendment to the United States Constitution and Article I,
22  Section 7 of the Washington State Constitution. *Id.* at Ex. 11. As of the date Respondent filed a
23  copy of the State Court Record with this Court, Petitioner's second PRP remains pending in
24  Washington State Court.

REPORT AND RECOMMENDATION - 2

C.     **Instant Petition**

On October 16, 2024, Petitioner initiated this action seeking federal collateral review of his state court judgment and indeterminate life sentence. *See* Dkts. 1-1, 6. In his Petition, Petitioner asserts two Grounds for federal habeas relief, alleging the Washington State law permitting indeterminate life sentences for sex offenders violates the Due Process Clause ("Ground One") and the Equal Protection Clause ("Ground Two") of the Fourteenth Amendment. Dkt. 6 at 5–9.

Shortly after he initiated this action, Petitioner moved to stay these federal habeas proceedings so that he may exhaust state court remedies on a Ground not alleged in his Petition. Dkt. 7. The Court denied Petitioner's request for a stay, finding Petitioner did not show good cause for his failure to exhaust state court remedies prior to filing his federal habeas Petition. *See* Dkt. 11.

On January 9, 2025, Respondent filed an Answer, arguing the Petition should be dismissed as untimely. Dkt. 12 (Answer); Dkt. 13-1 (State Court Record). The deadline for Petitioner to respond to the Answer expired on February 6, 2025, with nothing received from him. *See docket*. As such, the time for submitting timely briefing has elapsed and the Petition is ripe for consideration by the Court.

II.     **DISCUSSION**

Respondent argues that the Petition should be dismissed as time barred because Petitioner initiated this action after expiration of the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2241 *et seq.*, and because statutory and equitable tolling do not excuse his late filing. Dkt. 12 at 5–7. Respondent further argues no evidentiary hearing is required in this case. *Id.* at 3–4. The Court agrees with both arguments and also finds Petitioner is not entitled to a certificate of appealability.

REPORT AND RECOMMENDATION - 3

A.   **Statute of Limitations**

Pursuant to AEDPA, a one-year statute of limitations applies to federal habeas petitions. 28 U.S.C. § 2244(d). Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state-court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." Where, as here, a habeas petitioner does not seek direct review of his conviction in state court, his state-court judgment becomes "final" when the time for seeking direct review in state court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 149–50 (2012).

Under Rule 5.2(a) of the Washington Rules of Appellate Procedure, Petitioner was required to file a notice of appeal within thirty days after the Trial Court revoked Petitioner's alternate sentence and unsuspended his indeterminate life sentence. The Trial Court entered this decision on March 26, 2012, making the final day for Petitioner to file a notice of appeal April 25, 2012. Dkt. 12-1 at Ex. 2. Thus, the one-year limitations period for the instant Petition began running the following day on April 26, 2012. *See Patterson v. Stewart*, 251 F.3d 1243, 1245–46 (9th Cir. 2001) (AEDPA's time limits are calculated in accordance with Fed. R. Civ. P. 6(a)).

B.   **Statutory Tolling**

Once AEDPA's limitations period begins, it is tolled while a "properly filed application for state post-conviction or other collateral review. . .is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). An application for state collateral review remains "pending" until the application "has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold,* 536 U.S. 214, 220 (2002); *Corjasso v. Ayers*, 278 F.3d 874, 879 (9th Cir. 2002).

For Petitioner, AEDPA's one-year limitations period ran uninterrupted for the entire 365 days, making the final date for Petitioner to file a timely federal habeas petition April 26, 2013. Petitioner did not seek state collateral review until more than a decade later, so neither of his

REPORT AND RECOMMENDATION - 4

PRPs impacted the running of AEDPA's limitations period. *See* Dkt. 12-1 at Exs. 3, 11. Because Petitioner did not initiate these federal habeas proceedings until October 16, 2024, his Petition is time barred unless he can show he is entitled to equitable tolling.

### C.     Equitable Tolling

The one-year limitations period for filing federal habeas petitions may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631 (2010). Even so, equitable tolling is justified in very few cases, and the Ninth Circuit has noted that "the threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). A habeas petitioner bears the burden of showing that equitable tolling should be applied in their case. *Id*. at 1065.

In order to receive equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently[;] and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[T]he requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude application of equitable tolling.'" *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). A petitioner must also show that the extraordinary circumstances were, in fact, the reason their federal habeas petition was untimely. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Here, Petitioner did not respond to Respondent's Answer or identify any ground for equitable tolling in his Petition. *See generally* Dkt. 6. Therefore, Petitioner has not shown he is entitled to equitable tolling, and his Petition is untimely. Accordingly, the undersigned concludes

the Petition should be **DENIED** as time barred under 28 U.S.C. § 2244(d) and this action should be **DIMISSED with prejudice**.

### III.     EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v Pinholster*, 563 U.S. 170, 181–82 (2011). A hearing is not required if the allegations would not entitle a petitioner to relief under § 2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. A federal court may not consider any facts beyond the factual record presented to the state post-conviction relief court, unless one of the limited exceptions of 28 U.S.C. § 2254(e)(2) applies. *Shinn v. Ramirez*, 596 U.S. 366, 381 (2022). Because this action is resolvable as untimely on the existing record, the undersigned concludes that an evidentiary hearing is unnecessary.

### IV.     CERTIFICATE OF APPEALABILITY

Finally, a petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability from a District or Circuit Judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his

constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). No reasonable jurist could disagree with the above evaluation of Petitioner's claims or conclude that the issues presented in his Petition should proceed further. Therefore, Petitioner is not entitled to a certificate of appealability.

## V.     CONCLUSION

For the stated reasons, the undersigned concludes the Petition is untimely and barred by the one-year limitations period imposed by 28 U.S.C. § 2244(d). The undersigned further concludes that no evidentiary hearing is required and no certificate of appealability shall issue. It is therefore recommended the Petition (Dkt. 6) be **DENIED** and this action be **DISMISSED with prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the District Judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 12, 2025**, as noted in the caption.

Dated this 25th day of February, 2025.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7